**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANNY E. BEAUCLAIR,

     Plaintiff - Appellant,

v.

MATTHEW J. DOWD, District Court
Judge; GWYNNE E. HARRIS-BIRZER,
Attorney; WILLIAM K. RORK,
Attorney; JOHN A. FAKHOURY,
Attorney; PETER MAHARRY, Attorney;
LAWTON R. NUSS, Supreme Court
Judge; JON/JANE DOES, Supreme Court
Judges; CHRISTEL E. MARQUARDT,
Court of Appeals Judge; JERRY G.
ELLIOTT, Court of Appeals Judge;
HENRY W. GREEN, Court of Appeals
Judge; EVELYN Z. WILSON, District
Court Judge; SHAWN C. JURGENSEN,
Attorney; PATRICK D. McANANY,
Court of Appeals Judge; THOMAS
MALONE, Court of Appeals Judge; SAM
A. CROW, Federal Court Judge,

     Defendants - Appellees.

No. 14-3036
(D. Kansas)
(D.C. No. 5:13-CV-03169-RDR)

---

**ORDER**

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

Plaintiff Danny Beauclair, proceeding pro se and *in forma pauperis*, brought an action under 42 U.S.C. § 1983 against nine state and federal judges and five private defense attorneys, alleging that his due-process rights were violated in various criminal and postconviction proceedings in state and federal court. Although the complaint stated that it was "not about the legality of Mr. Beauclair's incarceration," R., Vol. I. at 28 (full capitalization omitted), it sought a declaratory judgment of his legal rights and the duties of the defendants. The district court dismissed the claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Beauclair filed his original complaint in the United States District Court for the District of Kansas on September 30, 2013. On November 5 the district court ordered Mr. Beauclair to show cause within 30 days why the complaint should not be dismissed on the grounds (1) that private attorneys and federal judges are not state actors subject to § 1983 and (2) that there was no live case or controversy to support prospective relief under § 1983. Mr. Beauclair filed a motion for clarification of the order and a request for 60 days to file a response. On November 22 the court denied the motions and entered judgment, stating that the order to show cause "sufficiently outlined the well-established law that barred plaintiff from seeking relief under § 1983 against the defendants." *Id*. at 40.

Three days later Mr. Beauclair filed a motion to alter and amend, which noted his intent to file an amended complaint. He submitted a proposed amended complaint on

2

November 27.  On December 19 the district court entered an order permitting the amended complaint to be filed but denying the motion to alter and amend, which it construed as a motion under Fed. R. Civ. P. 59(e).  Although the court recognized that Mr. Beauclair had not been afforded the full 30 days to respond to the order to show cause, it determined, after reviewing the proposed amended complaint, that there was "no manifest error in the dismissal despite the premature termination of this matter." *Id.* at 46.

Mr. Beauclair filed a second proposed amended complaint on January 6, 2014, asserting a single claim against Matthew J. Dowd, the state judge at his original trial, who had also been named in the previous complaint.  The district court denied the motion.  On January 15 Mr. Beauclair filed a motion to alter or amend, complaining of the dismissal of the complaint against Judge Dowd.  The court denied the motion.

Mr. Beauclair's notice of appeal lists all the district court's rulings.  It appears, however, that his opening brief addresses only his claim against Judge Dowd.  "The failure to raise an issue in an opening brief waives that issue." *Anderson v. U.S. Dep't of Labor*, 422 F.3d 1155, 1174 (10th Cir. 2005).  Accordingly, we do not consider his claims against the other defendants.

We affirm.  Judges are absolutely immune from civil liability for their judicial acts, unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (internal quotation marks omitted).  Nothing in Mr. Beauclair's complaints suggests that Judge Dowd acted in the absence of jurisdiction when issuing

3

the challenged rulings in Mr. Beauclair's criminal trial. And insofar as Mr. Beauclair is seeking prospective relief by challenging Judge Dowd's rulings, the only possible purpose for the challenge is as a means to attack his conviction, and § 1983 is not the proper vehicle for that purpose. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

We assess two strikes against Mr. Beauclair under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), for his wholly meritless claim in district court and his frivolous appeal. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780–81 (10th Cir. 1999).

We AFFIRM the judgment of the district court. Appellant's motion to proceed on appeal without prepayment of fees is DENIED and he is reminded of his obligation to pay the full appellate filing fee.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

4